201664

# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF FLORIDA

CASE NO.: 6:01-CV-148-ORL-19DAB



AARON A. JOHNS,

     Plaintiff,

vs.

THE CITY OF SANFORD,

     Defendant.

_____/

## COMPLAINT

COMES NOW the Plaintiff, AARON A. JOHNS, by and through his undersigned attorneys, and hereby brings this Complaint against the Defendant, THE CITY OF SANFORD, for injunctive relief and damages pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., and alleges:

## JURISDICTION AND VENUE

1.    This is an action for employment discrimination being brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

2.    This Court has jurisdiction of the claims brought herein under 42 U.S.C. § 2000e-5(f)(3), and pursuant to 28 U.S.C. § 1331, 1343(4) and 42 U.S.C. § 1988. This civil action arises under The Constitution and laws of the United States.

3.    Venue is proper under 42 U.S.C. § 2000e-5(f)(3), and pursuant to 28 U.S.C. § 1391(b). This claim arose within the State of Florida, and all acts complained of herein

**Johns v. City of Sanford**
**Complaint**

occurred within Seminole County, Florida, within the Middle District of Florida. In addition, the employment records relevant to such unlawful practices complained of are maintained and administered in the Middle District of Florida.

## PARTIES

4.     Plaintiff, AARON A. JOHNS, is an African-American male citizen of the United States, currently residing within Seminole County, Florida, who was at all times material hereto, and still is, an employee of THE CITY OF SANFORD employed as a police officer.

5.     Defendant, THE CITY OF SANFORD, is a municipal corporation incorporated under the laws of the State of Florida, with its principal place of business within the State of Florida.

6.     Defendant, THE CITY OF SANFORD, at all times material hereto, was, is and has been an employer engaged in an industry affecting commerce with fifteen or more employees for each working day in each of twenty or more calendar weeks in each relevant calendar year and meets the definition of "employer" as set forth in 42 U.S.C. § 2000e(b).

## PROCEDURAL REQUIREMENTS

7.     On or about June 25, 1999, Plaintiff AARON A. JOHNS filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (hereafter referred to as "EEOC"), which satisfied the requirements of 42 U.S.C. § 2000e-5. See Charge of Discrimination, attached hereto and made a part hereof as Exhibit "A."

8.     Plaintiff AARON A. JOHNS' Charge of Discrimination was filed within one hundred eighty (180) days after one or more of the unlawful employment practices in violation of 42 U.S.C. § 2000e-2 had occurred.  <u>See</u> Exhibit A.

9.     On or about July 6, 2000, the EEOC issued a Letter of Determination, containing, inter alia, the following findings:

a)     That THE CITY OF SANFORD is an "employer" within the meaning of Title VII;

b)     That the evidence supported the Plaintiff AARON A. JOHNS' Charge of Discrimination;

b)     That reasonable cause existed to believe that Defendant, THE CITY OF SANFORD, through its police department, had violated Title VII; and

c)     That the EEOC would attempt to resolve the matter through informal conciliation.

<u>See</u> Letter of Determination, attached hereto and made a part hereof as Exhibit "B."

10.     On or about September 7, 2000, the EEOC notified Defendant, THE CITY OF SANFORD, in writing, that efforts to conciliate Plaintiff AARON A. JOHNS' Charge of Discrimination had been unsuccessful, and that no further efforts would be made by the EEOC to conciliate the claim, as said further efforts would be non-productive or futile.  <u>See</u> Notification Of Unsuccessful Conciliation, attached hereto and made a part hereof as Exhibit "C."

11.     On or about November 13, 2000, Plaintiff AARON A. JOHNS received a "Notice Of Right To Sue Within 90 Days" from the EEOC, based upon the Plaintiff AARON A. JOHNS' Charge of Discrimination, and giving Plaintiff AARON A. JOHNS the right to

**Johns v. City of Sanford**
**Complaint**

institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., against the Defendant THE CITY OF SANFORD.  See Notice Of Right To Sue Within 90 Days, attached hereto and made a part hereof as Exhibit "D."

12.     Plaintiff AARON A. JOHNS timely filed the complaint in this case within the time period provided in 42 U.S.C. § 2000e(5)(f)(1).

**COUNT I**
**EMPLOYMENT DISCRIMINATION UNDER TITLE VII**
**DISCRIMINATORY TREATMENT IN THE DENIAL OF PROMOTIONS**

13.     Plaintiff AARON A. JOHNS hereby realleges and re-adopts each and every allegation as set forth in Paragraphs one (1) through twelve (12) above, as though fully set out herein.

14.     On or about November 7, 1989, Plaintiff AARON A. JOHNS commenced his employment with THE CITY OF SANFORD, through its police department, as a police officer.  He remained in the employ of the Defendant at all times relevant to this complaint and remains today as an employee of the Defendant.  Plaintiff AARON A. JOHNS has performed his job duties satisfactorily.

15.     On or about November 7, 1989, when Plaintiff AARON A. JOHNS commenced his employment with the Defendant, and at numerous times thereafter, he made known to the Defendant his desires to be promoted to positions offered by the Defendant, THE CITY OF SANFORD.  Plaintiff AARON A. JOHNS is a ten-year veteran of THE CITY OF SANFORD, and has demonstrated that he has exceptional experience,

training, capability as a law enforcement officer, and that he meets the eligibility and qualification requirements for promotions.

16.     During his tenure with the Defendant THE CITY OF SANFORD, Plaintiff AARON A. JOHNS has consistently applied for available promotions within THE CITY OF SANFORD. Defendant has engaged in a pattern or practice of denying African-American officers the same promotional opportunities as those afforded to similarly situated White police officers. Consequently, Plaintiff AARON A. JOHNS has been denied promotions and received less compensation as a result of the Defendant's discriminatory denial of promotions.

17.     Defendant THE CITY OF SANFORD'S discriminatory conduct in the denial of promotions on the basis of race includes, inter alia, the following:

a)     Giving preference to White officers of the police force in the award of promotions;

b)     Instituting a promotional testing system which is designed in a manner that disparately impacts African-American officers in a negative manner, resulting in White officers receiving higher scores on promotional examinations, and consequently, White officers being awarded more promotions;

c)     Providing White officers with testing information prior to and subsequent to the examination resulting in White officers achieving higher scores on promotional examinations, while at the same time failing to provide this information to African-American officers;

d)     Intentionally engaging in unwarranted disciplinary action against African-American officers to render said officers ineligible to sit for promotional examinations and ineligible to apply for promotions, while at the same time allowing similarly

situated White officers to sit for promotional examinations and apply for promotions.

e) Intentionally giving African-American officers lower evaluations than similarly situated White officers in an effort to prevent African-American officers from obtaining promotions; and

f) Engaging in tactics designed to humiliate, harass, intimidate and offend African-American officers in their efforts to obtain promotions.

18. As a direct and proximate result of the discriminatory conduct of the Defendant, THE CITY OF SANFORD, Plaintiff has lost wages and benefits, continues to suffer and in the future will suffer a diminution of his wages, has suffered mental and emotional anguish, has had his reputation in the community and as a police officer damaged, and has suffered other injuries and damages for which compensatory damages should be awarded.

WHEREFORE, Plaintiff AARON A. JOHNS, demands judgment against the Defendant, THE CITY OF SANFORD, and respectfully requests that this Honorable Court:

a) Enter a declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202, finding that Defendant's treatment of African-American officers with regard to the denial of promotions based upon race was unlawful discrimination against the Plaintiff;

b) Issue a mandatory injunction under 42 U.S.C. § 2000e-5(g) directing Defendant to take immediate corrective action to cease the discriminatory denial of promotions;

c) Issue a prohibitory injunction under 42 U.S.C. § 2000e-5(g) to enjoin Defendant from further acts of discrimination against the Plaintiff;

d) Enter a judgment against the Defendant and in favor of Plaintiff under 42 U.S.C. § 2000e-5(g) in the amount of back pay and

front pay, together with pre and post-judgment interest, owed to the Plaintiff by virtue of the additional compensation he has been denied; and all other benefits incident thereto;

e)   Enter a judgment against the Defendant and in favor of Plaintiff for compensatory damages for mental pain and suffering as a result of the discriminatory acts of the Defendant, with regard to the denial of promotions;

f)   Allow Plaintiff to reserve the right to assert a claim for punitive damages as a result of the discriminatory acts of the Defendant upon showing of the applicable statutory prerequisites;

g)   Enter a judgment for the Plaintiff for reasonable attorney's fees and costs pursuant to 42 U.S.C. § 2000e-5(k);

h)   Retain jurisdiction to ensure compliance with any order issued; and

i)   Award Plaintiff such other and further relief as the Court may deem just and proper.

Plaintiff further demands a trial by jury under Rule 38(b) of the Federal Rules of Civil Procedure on all issues so triable.

## COUNT II
## EMPLOYMENT DISCRIMINATION UNDER TITLE VII
## DISCRIMINATORY ADMINISTRATION OF DISCIPLINE

19.   Plaintiff AARON A. JOHNS hereby realleges and re-adopts each and every allegation as set forth in Paragraphs one (1) through twelve (12) above, as though fully set out herein.

20.   On or about November 7, 1989, Plaintiff AARON A. JOHNS commenced his employment with THE CITY OF SANFORD, through its police department, as a police officer.  He remained in the employ of the Defendant at all times relevant to this complaint

and remains today as an employee of the Defendant.  Plaintiff AARON A. JOHNS has performed his job duties satisfactorily.

21.     Defendant THE CITY OF SANFORD has engaged in a pattern or practice of severely disciplining African-American officers for certain conduct or alleged infractions, while at the same time failing to discipline, and engaging in less severe discipline, for similarly situated White police officers.

22.     Defendant THE CITY OF SANFORD'S discriminatory conduct in the administration of discipline on the basis of race includes, inter alia, the following:

a)     Administering severe discipline to African-American officers for certain conduct, while at the same time failing to administer any discipline whatsoever to similarly situated White officers for the same or similar conduct;

b)     Administering severe discipline to African-American officers for certain conduct, while at the same time administering less severe discipline to similarly situated White officers for the same or similar conduct;

c)     Administering severe discipline to African-American officers in an effort to disqualify said officers for promotions, while at the same time failing to discipline similarly situated White officers in an effort to award promotions to said officers;

d)     Engaging in tactics designed to humiliate, harass, intimidate and offend African-American officers in the administration of discipline.

23.     As a direct and proximate result of the discriminatory conduct of the Defendant, THE CITY OF SANFORD, Plaintiff has lost wages and benefits, continues to suffer and in the future will suffer a diminution of his wages, has suffered mental and emotional anguish, has had his reputation in the community and as a police officer

-8-

**Johns v. City of Sanford**
**Complaint**

damaged, and has suffered other injuries and damages for which compensatory damages

should be awarded.

WHEREFORE, Plaintiff AARON A. JOHNS, demands judgment against the

Defendant, THE CITY OF SANFORD, and respectfully requests that this Honorable Court:

a) Enter a declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202, finding that Defendant's treatment of African-American officers with regard to the administration of discipline based upon race was unlawful discrimination against the Plaintiff;

b) Issue a mandatory injunction under 42 U.S.C. § 2000e-5(g) directing Defendant to take immediate corrective action to cease the discriminatory administration of discipline;

c) Issue a prohibitory injunction under 42 U.S.C. § 2000e-5(g) to enjoin Defendant from further acts of discrimination against the Plaintiff;

d) Enter a judgment against the Defendant and in favor of Plaintiff under 42 U.S.C. § 2000e-5(g) in the amount of back pay and front pay, together with pre and post-judgment interest, owed to the Plaintiff by virtue of the additional compensation he has been denied; and all other benefits incident thereto;

e) Enter a judgment against the Defendant and in favor of Plaintiff for compensatory damages for mental pain and suffering as a result of the discriminatory acts of the Defendant, with regard to the administration of discipline;

f) Allow Plaintiff to reserve the right to assert a claim for punitive damages as a result of the discriminatory acts of the Defendant upon showing of the applicable statutory prerequisites;

g) Enter a judgment for the Plaintiff for reasonable attorney's fees and costs pursuant to 42 U.S.C. § 2000e-5(k);

h) Retain jurisdiction to ensure compliance with any order issued; and

    i)    Award Plaintiff such other and further relief as the Court may deem just and proper.

Plaintiff further demands a trial by jury under Rule 38(b) of the Federal Rules of Civil Procedure on all issues so triable.

**COUNT III**
**EMPLOYMENT DISCRIMINATION UNDER TITLE VII**
**DISCRIMINATORY ASSIGNMENT OF DEPARTMENTAL OVERTIME DETAIL**

24.    Plaintiff AARON A. JOHNS hereby realleges and re-adopts each and every allegation as set forth in Paragraphs one (1) through twelve (12) above, as though fully set out herein.

25.    On or about November 7, 1989, Plaintiff AARON A. JOHNS commenced his employment with THE CITY OF SANFORD, through its police department, as a police officer. He remained in the employ of the Defendant at all times relevant to this complaint and remains today as an employee of the Defendant. Plaintiff AARON A. JOHNS has performed his job duties satisfactorily.

26.    On or about November 7, 1989, when Plaintiff AARON A. JOHNS commenced his employment with the Defendant, and at numerous times thereafter, he made known to the Defendant his desires to work departmental overtime details assigned by the Defendant, THE CITY OF SANFORD. Most police officer employees of the Defendant work departmental overtime details for which they are compensated. Departmental overtime details are highly desired as many officers rely on the extra income to supplement their regular income. Plaintiff AARON A. JOHNS has on numerous other

**Johns v. City of Sanford**
**Complaint**

occasions made known to the Defendant his desire to work as much overtime as he would

be allowed.

27.    During his tenure with the Defendant THE CITY OF SANFORD, Plaintiff

AARON A. JOHNS has been assigned fewer departmental overtime duties and

consequently received less overtime pay than other White police officers similarly situated.

Defendant THE CITY OF SANFORD, has engaged in a pattern or practice of denying

African-American officers the same opportunities to work overtime details as those

afforded to White police officers.  Consequently, Plaintiff AARON A. JOHNS has not been

permitted to make as much overtime pay as White officers on the basis of his race.

28.    Defendant THE CITY OF SANFORD'S discriminatory conduct in the

assignment of departmental overtime details on the basis of race includes, inter alia, the

following:

a)    Giving preference to White officers of the force in the assignment of Dillard's Department Store Detail, Gateway Plaza Security Detail, Woofy's Bar Detail, Cedar Creek Apartment Complex Detail, Sanford Heritage Festival Special Detail, the Harbor detail and other reoccurring departmental overtime details;

b)    Assigning White officers the same departmental overtime details month after month rather than offering those details to all who desire on an equal basis;

c)    Intentionally concealing the departmental overtime detail list from African-American officers while at the same time providing the list to White officers;

d)    Forcing African-American officers to "flex" their schedules to prevent them from working any overtime or comp time, while

at the same time allowing White officers to receive overtime and comp time in addition to their regular schedules;

e)   Offering African-American officers departmental overtime details that occur during their regular work shift, in effect offering them departmental overtime details which require the officers to come in several hours later in order to complete their regular eight hour workday; and

f)   Engaging in tactics designed to humiliate, harass, intimidate and offend African-American officers during their performance of departmental overtime details.

29.   As a direct and proximate result of the discriminatory conduct of the Defendant, THE CITY OF SANFORD, Plaintiff has lost wages and benefits, continues to suffer and in the future will suffer a diminution of his wages, has suffered mental and emotional anguish, has had his reputation in the community and as a police officer damaged, and has suffered other injuries and damages for which compensatory damages should be awarded.

WHEREFORE, Plaintiff AARON A. JOHNS, demands judgment against the Defendant, THE CITY OF SANFORD, and respectfully requests that this Honorable Court:

a)   Enter a declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202, finding that Defendant's assignments and treatment of African-American officers with regard to departmental overtime detail based upon race was unlawful discrimination against the Plaintiff;

b)   Issue a mandatory injunction under 42 U.S.C. § 2000e-5(g) directing Defendant to take immediate corrective action to cease to discriminatory assignment of departmental overtime detail;

c)   Issue a prohibitory injunction under 42 U.S.C. § 2000e-5(g) to enjoin Defendant from further acts of discrimination against the Plaintiff;

d)   Enter a judgment against the Defendant and in favor of Plaintiff under 42 U.S.C. § 2000e-5(g) in the amount of back pay and front pay, together with pre and post-judgment interest, owed to the Plaintiff by virtue of the overtime wages he has been denied; and all other benefits incident thereto;

e)   Enter a judgment against the Defendant and in favor of Plaintiff for compensatory damages for mental pain and suffering as a result of the discriminatory acts of the Defendant, with regard to the assignment of departmental overtime detail;

f)   Allow Plaintiff to reserve the right to assert a claim for punitive damages as a result of the discriminatory acts of the Defendant upon showing of the applicable statutory prerequisites;

g)   Enter a judgment for the Plaintiff for reasonable attorney's fees and costs pursuant to 42 U.S.C. § 2000e-5(k);

h)   Retain jurisdiction to ensure compliance with any order issued; and

i)   Award Plaintiff such other and further relief as the Court may deem just and proper.

Plaintiff further demands a trial by jury under Rule 38(b) of the Federal Rules of Civil Procedure on all issues so triable.

## COUNT IV
## EMPLOYMENT DISCRIMINATION UNDER TITLE VII
## DISCRIMINATORY TREATMENT IN DENIAL OF LATERAL ASSIGNMENTS

30.   Plaintiff AARON A. JOHNS hereby realleges and re-adopts each and every allegation as set forth in Paragraphs one (1) through twelve (12) above, as though fully set out herein.

Johns v. City of Sanford
Complaint

31.   On or about November 7, 1989, Plaintiff AARON A. JOHNS commenced his employment with THE CITY OF SANFORD, through its police department, as a police officer.  He remained in the employ of the Defendant at all times relevant to this complaint and remains today as an employee of the Defendant.  Plaintiff AARON A. JOHNS has performed his job duties satisfactorily.

32.   On or about November 7, 1989, when Plaintiff AARON A. JOHNS commenced his employment with the Defendant, and at numerous times thereafter, he made known to the Defendant his desires to be awarded lateral assignments for which he was qualified, offered by the Defendant, THE CITY OF SANFORD.  Departmental lateral assignments are highly desired as many officers seek changes in position, location and duties throughout their tenure as law enforcement officers.  Plaintiff AARON A. JOHNS has on numerous other occasions made known to the Defendant his desire to be awarded lateral assignments offered by the Defendant.

33.   During his tenure with the Defendant THE CITY OF SANFORD, Plaintiff AARON A. JOHNS has been denied lateral assignments which were awarded to  similarly situated White police officers.  Defendant THE CITY OF SANFORD, has engaged in a pattern or practice of denying African-American officers the same opportunities to receive lateral assignments as those afforded to White police officers.  Consequently, Plaintiff AARON A. JOHNS has not be permitted to receive lateral assignments on the basis of his race.

34.     Defendant THE CITY OF SANFORD'S discriminatory conduct in the award of lateral assignments on the basis of race includes, inter alia, the following:

a)      Giving preference to White officers to the force in the award of lateral assignments including School Resource Officer, Public Information Officer, Crime Scene Tech, and other reoccurring lateral assignments;

b)      Intentionally concealing openings for lateral assignment positions to prevent African-American officers from applying for said positions; and

c)      Engaging in tactics designed to humiliate, harass, intimidate and offend African-American officers during their efforts to obtain lateral assignments.

35.     As a direct and proximate result of the discriminatory conduct of the Defendant, THE CITY OF SANFORD, Plaintiff has lost wages and benefits, continues to suffer and in the future will suffer a diminution of his wages, has suffered mental and emotional anguish, has had his reputation in the community and as a police officer damaged, and has suffered other injuries and damages for which compensatory damages should be awarded.

WHEREFORE, Plaintiff AARON A. JOHNS, demands judgment against the Defendant, THE CITY OF SANFORD, and respectfully requests that this Honorable Court:

a)      Enter a declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202, finding that Defendant's treatment of African-American officers with regard to the award of lateral assignments based upon race was unlawful discrimination against the Plaintiff;

b)      Issue a mandatory injunction under 42 U.S.C. § 2000e-5(g) directing Defendant to take immediate corrective action to cease to discriminatory denial of lateral assignments;

c)      Issue a prohibitory injunction under 42 U.S.C. § 2000e-5(g) to enjoin Defendant from further acts of discrimination against the Plaintiff;

d)      Enter a judgment against the Defendant and in favor of Plaintiff under 42 U.S.C. § 2000e-5(g) in the amount of back pay and front pay, together with pre and post-judgment interest, owed to the Plaintiff by virtue of the wages he has been denied; and all other benefits incident thereto;

e)      Enter a judgment against the Defendant and in favor of Plaintiff for compensatory damages for mental pain and suffering as a result of the discriminatory acts of the Defendant, with regard to the denial of lateral assignments;

f)      Allow Plaintiff to reserve the right to assert a claim for punitive damages as a result of the discriminatory acts of the Defendant upon showing of the applicable statutory prerequisites;

g)      Enter a judgment for the Plaintiff for reasonable attorney's fees and costs pursuant to 42 U.S.C. § 2000e-5(k);

h)      Retain jurisdiction to ensure compliance with any order issued; and

i)      Award Plaintiff such other and further relief as the Court may deem just and proper.

Plaintiff further demands a trial by jury under Rule 38(b) of the Federal Rules of Civil Procedure on all issues so triable.

## COUNT V
### EMPLOYMENT DISCRIMINATION UNDER TITLE VII
### DISCRIMINATORY RETALIATION UNDER 42 U.S.C. § 2000e-3(a)

36.     Plaintiff AARON A. JOHNS hereby realleges and re-adopts each and every allegation as set forth in Paragraphs one (1) through twelve (12) above, as though fully set out herein.

**Johns v. City of Sanford**
**Complaint**

37.     On or about November 7, 1989, Plaintiff AARON A. JOHNS commenced his employment with THE CITY OF SANFORD, through its police department, as a police officer.   He remained in the employ of the Defendant at all times relevant to this complaint and remains today as an employee of the Defendant.   Plaintiff AARON A. JOHNS has performed his job duties satisfactorily.

38.     On or about June 25, 1999, Plaintiff AARON A. JOHNS filed a Charge of Discrimination with the EEOC, which resulted in an investigation, a finding of discrimination of the part of the Defendant by the EEOC, and efforts by the EEOC to informally conciliate Plaintiff's claim with the Defendant, THE CITY OF SANFORD.

39.     Since the time of Plaintiff's filing of his Charge of Discrimination with the EEOC, throughout the investigative and conciliatory period, Defendant THE CITY OF SANFORD has discriminated against the Plaintiff in retaliation for his filing of Charges with the EEOC.

40.     Defendant THE CITY OF SANFORD'S retaliatory discrimination includes, inter alia, the following:

      a)      Denial of departmental overtime detail;

      b)      Denial of departmental lateral assignments;

      c)      Assignment of menial and degrading tasks designed to humiliate, embarrass, and threaten the Plaintiff; and

      d)      Engaging in tactics designed to humiliate, harass, intimidate and offend African-American officers during their performance of daily work duties.

41.     As a direct and proximate result of the discriminatory conduct of the Defendant, THE CITY OF SANFORD, Plaintiff has lost wages and benefits, continues to suffer and in the future will suffer a diminution of his wages, has suffered mental and emotional anguish, has had his reputation in the community and as a police officer damaged, and has suffered other injuries and damages for which compensatory damages should be awarded.

WHEREFORE, Plaintiff AARON A. JOHNS, demands judgment against the Defendant, THE CITY OF SANFORD, and respectfully requests that this Honorable Court:

a)      Enter a declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202, finding that Defendant's treatment of African-American officers with regard to retaliation based upon Plaintiff's filing of charges with the EEOC was unlawful discrimination against the Plaintiff;

b)      Issue a mandatory injunction under 42 U.S.C. § 2000e-5(g) directing Defendant to take immediate corrective action to cease to discriminatory retaliation;

c)      Issue a prohibitory injunction under 42 U.S.C. § 2000e-5(g) to enjoin Defendant from further acts of discrimination against the Plaintiff;

d)      Enter a judgment against the Defendant and in favor of Plaintiff under 42 U.S.C. § 2000e-5(g) in the amount of back pay and front pay, together with pre and post-judgment interest, owed to the Plaintiff by virtue of the retaliation he has endured; and all other benefits incident thereto;

e)      Enter a judgment against the Defendant and in favor of Plaintiff for compensatory damages for mental pain and suffering as a result of the discriminatory acts of the Defendant, with regard to the Defendant's discriminatory retaliation;

**Johns v. City of Sanford**
**Complaint**

f)   Allow Plaintiff to reserve the right to assert a claim for punitive
      damages as a result of the discriminatory acts of the Defendant
      upon showing of the applicable statutory prerequisites;

g)   Enter a judgment for the Plaintiff for reasonable attorney's fees
      and costs pursuant to 42 U.S.C. § 2000e-5(k);

h)   Retain jurisdiction to ensure compliance with any order issued;
      and

i)   Award Plaintiff such other and further relief as the Court may
      deem just and proper.

Plaintiff further demands a trial by jury under Rule 38(b) of the Federal Rules of Civil

Procedure on all issues so triable.

Dated this ~~1st~~ 2nd day of February, 2001.

JACK SCAROLA
Florida Bar No.: 169440
ROSALYN SIA BAKER
Florida Bar No.: 0327920
Searcy Denney Scarola Barnhart
      & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
Post Office Drawer 3626
West Palm Beach, FL 33402-3626
(561) 686-6300
Attorneys for Plaintiffs

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| Agency | CHARGE NUMBER |
|---|---|
| ☒ FEPA | |
| ☐ EEOC | |

Orlando Human Relation Department _____ and EEOC

State or Local Agency, if any          Social Security #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

| Name (Indicate Mr., Ms., Mrs.) Mr. Aaron Johns | Home Telephone (Include Area Code) (407) 327-8898 |
|---|---|
| Street Address           City, State and Zip Code 222 Alderwood St. North. Winterspring, Florida 32703 | Date of Birth 09 /11 /63 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME City of Sanford Police Department | Number of Employees, Members 101-200 | Telephone (Include Area Code) (407) 323-3030 |
|---|---|---|
| Street Address          City, State and Zip Code 815 South French Avenue, Sanford, Florida 32771 | | County 117 |
| Name | | Telephone (Include Area Code) |
| Street Address          City, State and Zip Code | | County |

Cause of Discrimination Based on (Check appropriate box(es))

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify)

Date Discrimination Took Place
Earliest  /  /       Latest  12 /15 /98
☒ Continued Action

The Particulars are (If additional space is needed, attach separate sheet(s):

I. CLASS HARM

    I, the undersigned and all others in my class, have been denied promotions, given discipline inequitably and given assignments disproportionatel in comparison with our similarly situated coworkers.

II. RESPONDENT'S REASONS FOR HARM

    No reasons have been offered for the disparate treatment I have received.

** Text Continued on Attached Sheet(s)**

☒ I want this charge filed with both the EEOC and the State or Local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY (When necessary for State and Local requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

_Aaron A. Johns_

Signature of Complainant

_Aaron A. Johns_

Subscribed and sworn to before me this date (Day, month, and year)  25th JUNE 199

GOLDSBORO SERV CNTER

Continuation page 1

Equal Employment Opportunity Commission
Form 5- Charge of Discrimination, Additional Text

III.    DISCRIMINATION STATEMENT

I believe that I and all others in my class have been discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended, because of my Race/Black by promotion denial, discipline and assignment for the following reasons:

1.   During my tenure, I have been passed over for promotion in favor of white officers who were further down on the departmental promotion lists.

2.   White officers routinely receive less severe discipline than Blacks for the same or similar offenses.

3.   I am denied special assignments (including off duty work) even though it is my turn for such assignments; inevitably, white officers garish these tasks.

Aaron A. Johns



### U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Miami District Office

One Biscayne Tower
2 South Biscayne Blvd., Suite 2700
330 l, FL 33131
PH: (305) 536-4491
TDD: (305) 536-5721
FAX: (305) 536-4011

EEOC Charge No.: **150 99 3381**


Aaron Johns                      Charging Party
222 Alderwood Street North
Winter Springs, FL 32703


City of Sanford Police Dept      Respondent
815 South French Avenue
Sanford, FL 32771

### LETTER OF DETERMINATION


I issue the following determination on the merits of this charge.

Respondent is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, and timeliness, deferral and all other requirements for coverage have been met.

Charging Party alleges that he was discriminated against because of his race, in violation of Title VII. Specifically, Charging Party alleges that he was not given equal treatment as compared to similarly situated non-Blacks regarding promotion, discipline and assignments.

Examination of the evidence indicates Charging Party was discriminated against as alleged. I have determined that the evidence obtained during the investigation establishes that there is reasonable cause to believe that violations of the statute have occurred.

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. The confidentiality provisions of Sections 706 and 709 of Title VII and the Commission Regulations apply to information obtained during conciliation.

If the Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the Office Director is not obtained, the Director will inform the parties and advise them of

LETTER OF DETERMINATION
EEOC CHARGE NO.: 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
PAGE 2

the court enforcement alternatives available to aggrieved persons
and the Commission.  A Commission representative will contact each
party in the near future to begin conciliation.

On Behalf of the Commission:

Date JUL 0 6 2000

Federico Costales
District Director

Enclosure: Invitation to Conciliate

cc:   Joseph A. Denaro
      Director of Human Resources
      CITY OF SANFORD
      PO Box 1788
      Sanford, FL 32772-1788


      Ann B. Bradshaw, P.A.
      Executive Place
      2455 Hollywood Blvd.
      Hollywood, FL 33020



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Miami District Office**

One Biscayne Tower
2 South Biscayne Blvd., Suite 2700
Miami, FL 33131
PH: (305) 536-4491
TDD: (305) 536-5721
FAX: (305) 536-4011

Catherine D. Reischmann, Esq.
STENSTROM McINTOSH et al
Attorneys and Counselors at Law
Suntrust Bank, Suite 22
200 West First Street
Sanford, FL 32772-4848

RE:   EEOC Charge No.150 99 3381
      Johns v City of Sanford Police Department

Dear Ms. Reischmann:

The Equal Employment Opportunity Commission (EEOC) has determined that efforts to conciliate this charge as required by Title VII of the Civil Rights Act of 1964, as amended, have been unsuccessful. This letter is the notice required by Section 1601.25 of the Commission's Regulations, which provides that the Commission shall notify a Respondent in writing when it determines that further conciliation efforts would be futile or non-productive.

No further efforts to conciliate this case will be made by EEOC. Accordingly, we are at this time forwarding the case and litigation recommendation to the Department of Justice.

On behalf of the Commission

Federico Costales                    SEP 0 7 2000
District Director                    Date

cc:   Anne B. Bradshaw, Esq.
      Executive Place
      2455 Hollywood Blvd.
      Hollywood, FL 33020

U.S. Department of Justice

Civil Rights Division

BLL:WBF:mdw
DJ 170-17M-234

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

*Employment Litigation Section*
*P.O. Box 65968*
*Washington, D.C. 20035-5968*
*TDD# 1-800-578-5404*

Aaron Johns
222 Alderwood Street North
Winter Springs, Florida 32708

NOV 8 2000

Re: Aaron Johns v. City of Sanford, Police
Department, EEOC No. 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

Dear Mr. Johns;

The Civil Rights Division has completely reviewed the file referred to us by the Equal Employment Opportunity Commission (EEOC) in its investigation of your charge of discrimination, and it has been determined that we will not file suit in this particular matter against the respondent. This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious.

You are hereby notified that conciliation in this matter was unsuccessful by the EEOC. You are further notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

Therefore, you should consult an attorney of your own choosing at your earliest convenience. If you are unable to locate an attorney, you may wish to contact the EEOC, or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(1) of Title VII, 42 U.S.C. 2000e-5(f)(1).

We are returning the files in this matter to EEOC's Miami District Office. If you or your attorney have any questions concerning this matter or wish to inspect the investigative file, please feel free to address your inquiry to: Federico Costales, District Director, EEOC, One Biscayne Tower, 2 S. Biscayne Blvd., 27th Fl., Miami, FL 33131-1805.

Sincerely,

Bill Lann Lee
Assistant Attorney General
Civil Rights Division

By:

William B. Fenton
Deputy Chief
Employment Litigation Section